Filed 1/13/17 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAIME MANUEL PINON,<br><br>    Defendant and Appellant. | G051212<br><br>(Super. Ct. No. 11WF1938)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING, NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on December 15, 2016, be modified as follows:

On page 14, third line of the first full paragraph, after the sentence ending "with the local chief of police," add as footnote 8 the following footnote:

[8]    In a petition for rehearing, the People withdrew their concession on this issue and argued, based on *In re Guiomar* (2016) 5 Cal.App.5th 265, and *In re C.H.* (2016) 2 Cal.App.5th 1139, review granted November 16, 2016, S237762, that defendant is required to register.  We find those cases to be inapt.

The petition for rehearing is DENIED.

The modification does not change the judgment.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.

Filed 12/15/16 (on remand) (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAIME MANUEL PINON,<br><br>    Defendant and Appellant. | G051212<br><br>(Super. Ct. No. 11WF1938)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part and reversed in part.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

This appeal arises from defendant Jamie Manuel Pinon's petition to be resentenced pursuant to Penal Code section 1170.18,[1] a part of the Safe Neighborhoods and Schools Act adopted by the voters as Proposition 47. It is presently on remand to this court from the California Supreme Court. In our previous opinion, we held: (1) defendant was still serving his sentence while on Post Release Community Supervision (PRCS) and was thus subject resentencing under section 1170.18, subdivision (b), including a one-year period of parole under subdivision (d); (2) defendant is entitled to apply any excess custody credits against his period of parole; (3) the parole term may not exceed the remaining time on defendant's term of PRCS; (4) the court's sentence did not violate the prohibition against multiple punishment for indivisible offenses (§ 654); and (5) defendant was exempt from registering as a drug offender. The California Supreme Court granted review of our decision and held it pending the outcome of *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*). In *Morales*, the high court held that excess custody credits do not reduce the one-year parole period. (*Id*. at p. 403.) The Supreme Court then transferred this case back to this court with directions to vacate our decision and reconsider it in light of *Morales*. *Morales* addressed the issue arising under our second holding in this case — whether excess custody credits could be applied to the parole period imposed under Proposition 47. It did not address the issues arising under the first, third, fourth, and fifth holdings of our prior opinion.

We now reaffirm our original holdings on the issues not decided by the Supreme Court: (1) defendant was still serving his sentence while on PRCS; (2) defendant is subject to parole, but the parole term may not exceed the remaining time on defendant's term of PRCS; (3) the court's sentence did not violate the prohibition against multiple punishment for indivisible offenses (§ 654); and (4) defendant was exempt from registering as a drug offender. We also asked the parties to brief the question of whether

---

[1] All statutory references are to the Penal Code unless otherwise stated.

2

excess custody credits may reduce applicable punitive fines, an issue not addressed in *Morales*. Having received briefs from both parties, we hold they may.

PROCEDURAL HISTORY

In August 2011 defendant pleaded guilty to a felony complaint of possession of methamphetamine (count 1; Health & Saf. Code, § 11377, subd. (a)), and misdemeanor possession of controlled substance paraphernalia (count 2; Health & Saf. Code, § 11364). In support of the plea, he stated, "On 8/12/11, I willfully and unlawfully possessed: (1) a usable quantity of methamphetamine, a controlled substance and (2) a pipe used for smoking a controlled substance." The court sentenced defendant to a state prison term of 16 months on count 1, and suspended imposition of sentence on count 2. Upon defendant's release from prison, he was placed on PRCS. (§ 3451, subd. (a).) His PRCS was set to expire in April 2015.

In December 2014, defendant petitioned to reduce count 1 to a misdemeanor pursuant to section 1170.18, subdivision (f), or, in the alternative, subdivision (a). The court granted defendant's petition under subdivision (a) and sentenced defendant to 545 days in county jail (thus imposing a 180-day jail term on count 2 that had previously been suspended, and running that term consecutively), credited him for the full 545 days, and, over defendant's objection, imposed one year of parole.

DISCUSSION

*Defendant was still serving his sentence while on PRCS*

Proposition 47 reclassified certain drug- and theft-related offenses from felonies (or wobblers) to misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1092.) The measure reduced "penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35.) As part of Proposition 47, the electorate enacted section 1170.18. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Section 1170.18 applies to persons convicted of a reclassified offense prior to Proposition 47's effective date, and allows them to petition the court for reduction of the felony to a misdemeanor. The statute distinguishes between petitioners who are still *serving* a sentence and those who have *completed* a sentence.

A person "currently serving a sentence" for a felony conviction of a reclassified offense may petition for recall of the felony sentence under section 1170.18, subdivision (a).[2] Under subdivision (b), the court must recall the felony sentence of a petitioner eligible under subdivision (a), and resentence the petitioner to a misdemeanor unless the court determines that doing so would unreasonably endanger the public. Under subdivision (d), a person resentenced under "subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

---

[2] References to a statutory subdivision apply to section 1170.18 unless otherwise stated.

4

A person who has "completed his or her sentence" for a felony conviction of a reclassified offense may apply to have the conviction designated a misdemeanor under subdivision (f). Subdivision (f) does *not* provide for a period of parole.

Defendant contends the word "sentence," as used in subdivisions (a) and (f), means "prison term." He concludes he completed his "sentence" (within the meaning of subdivision (f)) before filing his section 1170.18 petition, even though he was still serving PRCS.

The word "sentence" — as used in subdivision (a) ("currently serving a sentence") and subdivision (f) ("completed his or her sentence") — is ambiguous. As defendant suggests, "sentence" might include only a defendant's prison term. On the other hand, "sentence" might encompass both the prison term *and* the corresponding period of parole or PRCS.

Because the word "sentence" in subdivisions (a) and (f) is ambiguous, we independently construe those subdivisions in light of (1) the statute as a whole, (2) the overall statutory scheme of which it is a part, and (3) the intent of the voters who enacted Proposition 47. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)[3]

We first examine section 1170.18 as a whole. The statute uses the word "sentence" differently in subdivisions (a), (b), and (f) than in subdivision (d). In subdivisions (a), (b), and (f), "sentence" refers to a pre-Proposition 47 *felony* sentence. Subdivision (a) applies to a "person currently serving a sentence for a conviction . . . of a *felony or felonies*" (italics added), subdivision (b) provides for the recall of "the petitioner's *felony* sentence" (italics added), and subdivision (f) applies to a "person who has completed his or her sentence for a conviction . . . of a *felony or felonies* . . . ." (italics added). In contrast, subdivision (d) provides that a "resentenced" person "shall be

---

[3]     Reviewing courts interpret statutes de novo (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562), including statutes added to the Penal Code by the passage of a ballot initiative (*People v. Park* (2013) 56 Cal.4th 782, 796).

subject to parole for one year following completion of his or her *sentence . . . .*" (italics added), thus referring to the new *misdemeanor* sentence to which the court has resentenced the person. Thus, the misdemeanor "sentence" in subdivision (d) includes only the jail term. But this does *not* answer the question of whether the determinate felony "sentence" in subdivisions (a) and (f) includes a prison term *and* a period of parole supervision or PRCS. Rather, section 1170.18, viewed as a whole, reinforces the reality that the word "sentence" is ambiguous and can be used in different ways.

We turn to the interpretative aid of the overall statutory scheme governing determinate felony sentences. Section 3000 expressly applies to such sentences, i.e., sentences "resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 . . . ." (§ 3000, subd. (a)(1).) Section 3000, subdivision (a)(1) mandates that a determinate felony sentence "shall include" a period of parole supervision or PRCS. Section 1170, subdivision (c) recognizes this expansive scope of a determinate felony sentence, providing in relevant part: "The court shall state the reasons for its sentence choice [of the low, middle, or upper prison term] on the record at the time of sentencing. The court shall also inform the defendant that *as part of the sentence after expiration of the term* he or she may be on parole for a period as provided in Section 3000." (Italics added; see *In re Sosa* (1980) 102 Cal.App.3d 1002, 1105 [§ 1170 is part of "a comprehensive scheme to provide 'uniformity of sentences' for like offenses"].) These statutes are clear: A determinate felony sentence includes a prison term *and* a period of parole supervision or PRCS. Accordingly, a defendant subject to PRCS is serving a sentence for purposes of section 1170.18, subdivisions (a) and (b).

6

*Defendant's parole period may not exceed his remaining PRCS term*

Section 1170.18, subdivision (e), states, "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." Defendant's PRCS was scheduled to end in April 2015. The parole period, however, would have extended through December 2015. We conclude subdivision (e) precludes this result.[4]

The key to addressing this issue is to interpret the word "term" in subdivision (e). The People contend the word "term" refers only to the jail term, and because the "original sentence" includes PRCS, subdivision (e) applies only where the jail term exceeds the combined period of prison and PRCS from the original sentence. The People rely on *People v. Nuckles* (2013) 56 Cal.4th 601 where the Supreme Court repeatedly referred to a term of imprisonment. (See, e.g., *id.* at p. 608 ["The concept of punishment is broader than the term of imprisonment"].) Defendant contends "term" can refer to a parole term. And, not surprisingly, cases also refer to terms of parole. (See, e.g., *People v. Britton* (1984) 156 Cal.App.3d 689, 696, disapproved on other grounds by *People v. Williams* (1999) 20 Cal.4th 119, 135 ["parole is . . . a 'separate' term to be served after the initial term of imprisonment has been completed and to be 'served' under the supervision of the Department of Corrections"].)

The text itself is of little help in resolving this dispute. Subdivision (e) gives no clear indication of which term it is referring to. The only other use of the word "term" in Penal Code section 1170.18 is in subdivision (d), which provides that for violations of parole, the court of the county where the violation occurred shall have jurisdiction "for the purpose of hearing petitions to revoke parole and impose a *term* of custody." (Italics added.) This text can cut either way. On the one hand, one could

---

[4] To the extent the lengthy appellate process in this case has rendered this appeal moot, we exercise our discretion to address the issue because it is likely to be repeated, yet evade appellate review. (*Morales, supra*, 63 Cal.4th at p. 409.)

argue that the only other use of "term" in Penal Code section 1170.18 refers to the jail term; on the other hand, where it so refers, the drafters specifically indicated they were referring to a "term *in custody*."  Does "term" by itself import that same definition, or does the failure to mention "in custody" indicate a deliberate choice to refer to a broader concept of "term"?  The text does not resolve this issue.

Since the language of the statute is ambiguous, we turn next to indicia of the voters' intent.  "Under general settled canons of statutory construction, we ascertain the Legislature's intent in order to effectuate the law's purpose.  [Citation.] . . . [Citation.] 'The statute's plain meaning controls the court's interpretation unless its words are ambiguous.'"  Where the language is ambiguous, "we turn to expressions of legislative intent to construe it in the statute's relative context."  (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572.)  In the context of a voter initiative, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  (*People v. Birkett* (1999) 21 Cal.4th 226, 243.)

Unfortunately, the official voter information guide does not directly address the issue before us.  The analysis section mentions the parole requirement only perfunctorily:  "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Analysis of Prop. 47 by Leg. Analyst.)  The argument section does not mention parole at all.  The ballot materials thus provide no insight on whether a person who has already served in excess of two years of supervision is required to serve a full additional year.

We are thus left with this:  "'[W]e do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]'  [Citation.]  We must also consider 'the object to be achieved and the evil to be prevented by the legislation.  [Citations.]'  [Citation.]  These guiding principles apply equally to the

8

interpretation of voter initiatives." (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)

If there is one aspect of Proposition 47 that seems fairly obvious, it is that resentencing from a felony to a misdemeanor is generally intended to reduce the overall length of punishment to which the defendant is subject. There are two driving principles behind the reduction in punishment. First, the voters reassessed the crimes subject to Proposition 47 and determined their relative lack of severity did not justify a felony punishment. The arguments in favor of Proposition 47 in the official voter information guide, for example, refer to the crimes subject to reduction under Proposition 47 as "petty," "low-level," and "nonviolent." (Voter Guide, Gen. Elec., *supra*, argument in favor of Prop. 47.) Second, and perhaps more importantly, Proposition 47 was intended to save taxpayer money. The arguments in favor of Proposition 47 advertise that it "[s]tops wasting money on warehousing people in prisons for nonviolent petty crimes, saving hundreds of millions of taxpayer funds every year." (*Ibid.*)

Both of these considerations support a broader interpretation of "term" to include the parole period. Permitting a court to impose one full year of parole supervision even beyond that to which the defendant was subject under a felony sentence would render the punishment more severe with no apparent justification at all. (*See People v. Nuckles* (2013) 56 Cal.4th 601, 608 [parole "constitutes part of the punishment for the underlying crime"].) And requiring additional parole beyond that which was required of a felony offense would, of course, cost the taxpayers additional money. Neither of these results comport with the objectives of Proposition 47.

Our conclusion is also consistent with the overall sentencing scheme. Normally, misdemeanor offenders do not serve parole or PRCS after completing a term in jail. (See §§ 3000, subd. (a) ["A sentence resulting in *imprisonment in the state prison* pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision, unless waived, or as otherwise provided in this

9

article," italics added], 3450, subd. (b)(5) [applying PRCS to "certain felons reentering the community after serving a prison term"].)  PRCS lasts for a maximum of three years. (§§ 3451, subd. (a), 3456, subd. (a)(1).)[5]  Under the trial court's ruling, the one year parole period imposed would result in a total period of supervision of *over* three years for a crime the voters have now determined is merely a misdemeanor.  That result makes little sense in the broader context of the overall sentencing scheme.  Accordingly, we interpret the word "term" in subdivision (e) to refer to either a term of jail or a term of parole, such that the court may not impose a parole term that exceeds the scheduled end date of the defendant's PRCS.

*Excess Custody Credits Reduce Fines*

Next we address whether our high court's holding in *Morales* has any impact on our prior holding that excess custody credits may be used to reduce fines.  We conclude it does not.

Section 2900.5 provides that excess credits "shall be credited . . . to any fine, including, but not limited to, base fines, on a proportional basis, that may be imposed, at the rate of not less than one hundred twenty five dollars ($125) per day, or more, in the discretion of the court imposing the sentence."

---

[5] However, if the supervised person does not commit a violation resulting in a custody sanction for a period of six months, the supervising county has discretion to discharge the supervised person.  If there are no such violations for a period of one year, the supervised person must be discharged.  (§ 3456, subd. (a)(2)-(3).)

10

In *Morales*, our Supreme Court held that "credit for time served does not reduce the [subdivision (d)] parole period." (*Morales*, *supra*, 63 Cal.4th at p. 403.)[6] The high court interpreted subdivision (d) to *require* a one-year parole period subject to the court's discretion to order otherwise. (*Morales*, at pp. 403-404.) The court based its holding, inter alia, on subdivision (d)'s plain language (*Morales*, at p. 406); the Legislative Analyst's statement in the voter materials on Proposition 47 that resentenced offenders "'would be required to be on state parole for one year'" (*Morales*, at pp. 406-407); the court's conclusion that "the purpose behind [section 2900.5] is irrelevant to resentencing under Proposition 47" (*Morales*, at p. 406); and the court's reasoning that a contrary interpretation of subdivision (d) "would undermine the trial court's discretion in many cases" (*Morales*, at p. 405).

Section 1170.18, however, says nothing about fines, and thus, unlike the issue of parole, it does not supplant the legislative intent of section 2900.5 as it applies to fines. To the contrary, subdivision (m) states, "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." Moreover, subdivision (d) states, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." This language excludes parole from the application of custody credits, but nothing else. Because excess custody time cannot be credited against the parole period, if the number of credits exceed the new

---

[6]     In *Morales*, the Attorney General's petition for review was "limited to the question of whether excess custody credits can reduce the period of parole" and "did not challenge the holding that excess custody credits can also reduce any fines." (*Morales*, *supra*, 63 Cal.4th at p. 404.)

11

sentence, the only type of excess custody credit available to resentenced persons is a credit against punitive assessments.[7]

*The Court Was Not Required to Stay Count 2 Pursuant to Section 654*

When defendant was sentenced for his underlying felony, the court suspended imposition of sentence as to count 2. When he was resentenced under section 1170.18, the court imposed a sentence as to count 2 and ran the sentences consecutively, for a total of 545 days. Defendant contends the court was required to stay the sentence as to count 2 pursuant to section 654. We disagree.

Section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." "Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) "Section 654 does not preclude multiple convictions but only multiple punishments for a single act or indivisible course of conduct. [Citation.] 'The proscription against double punishment . . . is applicable where there is a course of conduct which violates more than one statute and comprises an indivisible transaction punishable under more than one statute . . . . The divisibility of a

---

[7] Section 2900.5, subdivision (a) "does not apply to nonpunitive assessments." (3 Witkin & Epstein, Cal. Criminal Law (2016 supp.) Punishment § 464, p. 151.) For example, a court security fee (§ 1465.8) or criminal conviction assessment (Gov. Code, § 70373) is nonpunitive. (*People v. Alford* (2007) 42 Cal.4th 749, 759 [court security fee]; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492-1493 [criminal conviction assessment].) Section 2900.5 is inapplicable to them.

Section 2900.5, subdivision (a), also does not apply to restitution fines and orders. (See § 1205, subdivision (f).) Effective in 2014, the Legislature made section 2900.5, subdivision (a) consistent with section 1205, subdivision (f), by removing the reference to restitution fines in former section 2900.5, subdivision (a). (See Stats. 2013, ch. 59, § 7.)

course of conduct depends upon the intent and objective of the actor, and if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one.'" (*People v. Miller* (1977) 18 Cal.3d 873, 885, overruled on other grounds as recognized in *People v. Oates* (2004) 32 Cal.4th 1048, 1068, fn. 8.) "On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, the trial court may impose punishment for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct. [Citations.] The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple. Each case must be determined on its own facts. [Citations.] The question whether the defendant entertained multiple criminal objectives is one of fact for the trial court, and its findings on this question will be upheld on appeal if there is any substantial evidence to support them." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135-1136.)

Here, while the record is anemic, defendant stated that he "willfully and unlawfully possessed: (1) a usable quantity of methamphetamine, a controlled substance and (2) a pipe used for smoking a controlled substance." He did not say he possessed the pipe for the sole purpose of smoking the methamphetamine; rather, he possessed the pipe for the more general purpose of smoking a controlled substance. While we might normally be loath to parse defendant's statement so closely, where, as here, there simply are no other facts, defendant's statement is substantial evidence to support the court's ruling.

*Defendant Forfeited His Objection to His Fines*

Defendant contends he is entitled to a reduction in the felony restitution fine (§ 1202.4, subd. (b)) and felony parole revocation fine (Pen. Code, § 1202.45, subd. (b)) to the minimum misdemeanor fines applicable at the time, which was $100 each.

(Stats. 2007, ch. 302, § 15.) Defendant committed his offense in August 2011 and was assessed $200 for each fine. However, in 2011 the maximum fine was $1,000, even for a misdemeanor (*Ibid.*), and thus the fines were not an unauthorized sentence. Defendant failed to object below and has thus forfeited the issue. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 ["The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive. Here, because defendant did not object to the amount of restitution in the trial court, he forfeited our consideration of the issue on appeal"].)

*The Requirement that Defendant Register Pursuant to Health & Safety Code Section 11590 Must Be Stricken*

Both parties agree that defendant is no longer required to register pursuant to Health and Safety Code section 11590, which requires certain people convicted of drug-related offenses to register with the local chief of police. However, subdivision (c) of that section states, "This section does not apply to a conviction of a misdemeanor under Section 11357, 11360, or 11377." Here, defendant was convicted of a violation of Health and Safety Code section 11377, but pursuant to section 1170.18, subdivision (k), "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes," with certain exceptions not relevant here. Accordingly, defendant's misdemeanor conviction under Health and Safety Code section 11377 does not require registration, and defendant's misdemeanor conviction for possession of paraphernalia (Health & Saf. Code, § 11364) is not a registrable offense. Thus we will strike the requirement that defendant register pursuant to Health and Safety Code section 11590.

14

DISPOSITION

The postjudgment order is reversed and the matter is remanded to the trial court to recalculate defendant's maximum parole if necessary. The requirement that defendant register pursuant to Health and Safety Code section 11590 is stricken. In all other respects, the judgment is affirmed.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.

15