Filed 11/23/20  P. v. Graham CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES LEE GRAHAM,<br><br>    Defendant and Appellant. | D075818<br><br><br>(Super. Ct. No. SCD274866) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed in part, vacated in part, and remanded with directions.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Charles C. Ragland, Supervising Deputy Attorney General, Scott C. Taylor and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted James Lee Graham of burglary (Pen. Code,[1] § 459; count 1), false imprisonment by violence (§§ 236, 237, subd. (a); count 2), robbery (§ 211; count 3), and resisting or obstructing a police officer (§ 148, subd. (a)(1); count 4). The jury found true allegations that with respect to the burglary, a person other than an accomplice was present within the meaning of section 667.5, subdivision (c)(21). It found true that the robbery was committed in an inhabited dwelling within the meaning of section 212.5, subdivision (a). Graham admitted he had suffered 10 prior robbery convictions that also constituted strike prior convictions (§§ 667, subds. (b) through (i), 668, 1170.12) and rendered him ineligible for probation (§ 1203, subd. (c)(4)); a prior prison conviction (§§ 667.5, subd. (b), 668); and a serious felony prior conviction (§§ 667, subd. (a)(1), 668). In addition to imposing a $7,500 restitution fine as well as other fees and assessments, the trial court sentenced Graham to 25 years to life plus five years in state prison, consisting of an indeterminate 25-year-to-life term on count 3 as the base term and a consecutive five-year term for the serious felony prior conviction. It ordered the count 1 sentence of 25 years to life stayed under section 654. The court ordered a concurrent upper term of six years on count 2. It stated the one-year prior prison term attached to count 1 was "barred" under *People v. Jones* (1993) 5 Cal.4th 1142.

Graham contends his one-year prior prison term enhancement must be stricken under Senate Bill No. 136 and *In re Estrada* (1965) 63 Cal.2d 740, and the abstract of judgment should be corrected to reflect a consecutive five-year determinate term. He further contends this court should reverse his $7,500 restitution fine as based on the trial court's misunderstanding of the law, and order the court to re-exercise its sentencing discretion in imposing

---

[1] Undesignated statutory references are to the Penal Code.

2

the minimum fine. Alternatively he contends his trial counsel was prejudicially ineffective for failing to object to the court's calculation of the restitution fine. Finally, Graham contends the court violated his due process rights under the federal and state constitutions by imposing the fines, assessments and fees without determining his ability to pay them, and to the extent his counsel failed to object on that ground he was prejudicially ineffective.

We will remand with directions that the trial court strike the one-year section 667.6, subdivision (b) enhancement, and exercise its sentencing discretion in light of the changed circumstances. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.) We otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Because Graham's contentions do not challenge his underlying convictions, we need not detail their underlying facts. It suffices to say that in December 2017, Graham and his codefendant entered an occupied apartment in the evening. The codefendant held the door while Graham, pretending to hold a weapon, demanded money and a car from the resident, then took a laptop computer, wallet and cell phone. The two fled, but police apprehended Graham nearby.

During Graham's April 2019 sentencing hearing, the trial court selected count 3 as the base offense and imposed the 25-year-to-life term on that count. It then stayed under section 654 a 25-year-to-life sentence on count 1. The court continued: "And then the one-year prison prior in 667.6[, subdivision] (b) [and section] 668 . . . that's one year consecutive to Count 1.

3

That is barred pursuant to [*People v. Jones, supra*, 5 Cal.4th 1142]."[2] As to count 2, the court selected a six-year upper term and imposed it concurrently with count 3. The court then stated: "And then one year prison prior as to that count is consecutive to Count 2, but also concurrent as to the previous sentence."

The court had ordered Graham to pay a $10,000 restitution fine (§ 1202.4), but at defense counsel's request to impose the $300 minimum fine,[3] the court reduced the amount, stating, "Well, the minimum for each year is $300." Graham's counsel stated that amount was $7,500, remarking, "[$7,500] is better than [$]10,000." The court also stayed a section 1202.45 restitution fine, and imposed on Graham a $120 court operations assessment (§ 1465.8), a $154 criminal justice administration fee (Gov. Code, § 29550.1),[4]

---

[2] In *People v. Jones, supra*, 5 Cal.4th 1142, the defendant's sentence included a five-year enhancement under section 667, subdivision (a) and three one-year enhancements under section 667.5, subdivision (b). The five-year enhancement and one of the one-year enhancements were based on the same prior felony. (*Id.* at p. 1145.) *Jones* held the voters' intent behind the five-year enhancement statute, section 667, subdivision (a), was that when that provision and another provision each provided for an enhancement based on a particular prior offense that the longer of the two enhancements would apply, not both enhancements. (*Id.* at pp. 1149-1150.)

[3] Counsel stated: "Your Honor, before we finish, could I make two requests? [¶] . . . [¶] So the first one is—the restitution fine the Court imposed was $10,000. I'm asking the Court to only impose the minimum of $300, so that's the first request." Counsel's second request was that Graham have contact with his father, who was in the courtroom.

[4] Though the abstract of judgment indicates the $154 criminal justice administration fee was imposed under Government Code section 29550, it appears this fee is set forth in Penal Code section 29550.1. (See *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1031.)

a $90 criminal conviction assessment (Gov. Code, § 70373), and a theft fine of $39 (§ 1202.5).

The abstract of judgment for the determinate term reflects a 12-year term, which appears to have been reached by adding the six years on count 2 with five years for the section 667, subdivision (a)(1) enhancement, and one year for the section 667.5 enhancement. The abstract for the indeterminate term indicates a "life with the possibility of parole" sentence on counts 1 and 3 in addition to the 25-year-to-life sentence on count 3.

I. *Request to Strike One-Year Prior Prison Conviction Enhancement*

Graham contends the one-year section 667.5 prison conviction enhancement imposed on count 2 must be stricken under Senate Bill No. 136 (Reg. Sess. 2019-2020), effective January 1, 2020, which limits the section 667.5 prior prison term enhancement to terms for sexually violent offenses. (See *People v. Jennings, supra*, 42 Cal.App.5th at p. 681.) He points out that because his underlying crime was robbery and not a sexually violent offense, the enhancement is no longer valid.

The People respond that the court did in fact strike the one-year term when it described it as "barred pursuant to *People v. Jones.*" They acknowledge that the one-year enhancement is nevertheless reflected in both the minute order and abstract of judgment and concede those documents should be corrected.

Because the trial court's reasoning is not entirely clear and appears to contradict its minute order and abstract of judgment, we will remand the matter and direct the trial court to strike the one-year section 667.5 enhancement. This requires a new sentencing hearing to permit the court to exercise its sentencing discretion in light of the changed circumstances. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is

5

stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]; *People v. Jennings*, *supra*, 42 Cal.App.5th at p. 682; *People v. Federico* (2020) 50 Cal.App.5th 318, 328, review granted, August 26, 2020, S263082 [full resentencing rule includes revising decisions about concurrent or consecutive sentences].) We take no position on how the court should exercise its discretion on remand. (*Jennings*, at p. 682.)

II. *Fines, Fees and Assessments*

A. *Imposition of Section 1202.4 Restitution Fine*

Graham contends that the trial court's imposition of the $7,500 restitution fine is based on an incorrect understanding of the law regarding the minimum restitution fine. Specifically, he argues based on the language of section 1202.4, the minimum restitution fine is $300, not $300 multiplied by the number of years in a sentence, suggesting the court did not understand it had discretion to award just the minimum fine of $300 without considering Graham's prison term. Graham asks that the restitution order be reversed and remanded for the court to exercise its sentencing discretion with a correct understanding of what constitutes the minimum restitution fine. Graham argues that if we find his counsel forfeited the issue by concurring with the court's calculation,[5] his counsel was prejudicially

---

[5] Challenges to the imposition of a felony restitution fine may be forfeited by failing to object in the trial court. (See *People v. Pinon* (2016) 6 Cal.App.5th 956, 968; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218; accord, *In re Sheena K.* (2007) 40 Cal.4th 875, 881.) When the court fails to properly make or articulate a discretionary sentencing decision such as setting a restitution fine (see § 1202.4, subd. (b); *People v. Urbano* (2005) 128 Cal.App.4th 396, 406), the defendant must object to preserve the issue for appeal. (See *People v. Smith* (2001) 24 Cal.4th 849, 852.) Graham thus

ineffective. Though the People state the record suggests the court miscalculated the section 1202.4 restitution fine amount in Graham's favor,[6] they point out the amount of the fine was within the court's sentencing discretion, and maintain the record does not establish the court misunderstood that discretion.

At the time Graham committed his crimes in December 2017 (see *People v. Gaynor* (2019) 42 Cal.App.5th 794, 805 [court must apply statute in effect at time of crimes in imposing restitution fine]), section 1202.4, subdivision (b) provided in part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000) . . . . [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine

---

forfeited his claim when his counsel failed to object to the court's imposition of the fine. However, we do not reach Graham's ineffective assistance of counsel claim because the record does not affirmatively show the court misunderstood the scope of its discretion in this regard.

[6] The People assert the restitution fine should have been the minimum fine of $300 multiplied by 31 years of imprisonment. But the court sentenced Graham to 25 years to life plus five years, and eliminated the one-year prison term enhancement for a total term of 30 years to life. Nor did the court take into account the number of felony counts of which Graham was convicted. (§ 1202.4, subd. (b)(2).) The probation officer recommended Graham pay the maximum $10,000 restitution fine. In any case, because the People did not object to the court's calculation, they have forfeited any challenge to the lesser amount of the fine. (*People v. Tillman* (2000) 22 Cal.4th 300, 302-303.)

pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b).)

Graham has not met his appellate burden to show error. It is "the general rule that a trial court is presumed to have applied the law correctly in the absence of a clear indication to the contrary, [and courts have] concluded that in cases in which the trial court record is silent, ordinary principles of appellate review require that an appellate court presume the trial court properly understood" its discretion. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944.) *Fuhrman* explained that remand is appropriate only where there is an "affirmative indication in the record that the trial court" misunderstood its discretion. (*Id.* at pp. 945-946.) We are bound by these principles. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The record at Graham's sentencing hearing does not affirmatively demonstrate the court misunderstood the scope of its discretion in setting the section 1202.4 restitution fine. We do not perceive such misunderstanding in the court's remark, "Well, the minimum fine for each year is $300." The court did not say it was *required* to award the minimum fine for each year or that this was its only sentencing option; its remark merely acknowledged the provision in section 1202.4, subdivision (b) authorizing the court to "determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(2).) That the court did not expressly articulate all of its available options to set the minimum fine is not an "affirmative indication" that the court was unaware of those

options or the scope of its discretion. "[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) We will not presume the trial court misunderstood its sentencing discretion in the absence of some affirmative showing that it did, requiring us to reject Graham's contention.

Notwithstanding our conclusion, because we are remanding for a new sentencing hearing, the court will have an opportunity to revisit imposition of the fines and fees, including the section 1202.4 restitution fine, and again exercise its discretion in that respect.

B. *Failure to Consider Graham's Ability to Pay*

Graham contends the court's imposition of assessments, fees and fines without considering his ability to pay them violated his due process rights under the federal and state constitutions and *People v. Dueñas* (2019) 30 Cal.App.5th 1157. He maintains his counsel's objection to the amount of the restitution fine in excess of the statutory minimum put his ability to pay in issue, thus he did not forfeit the challenge on appeal.

Pointing out subdivisions (c) and (d) of section 1202.4 allow trial courts to consider a defendant's ability to pay a restitution fine above the statutory maximum as here, the People respond that Graham did in fact forfeit his appellate challenge because he did not raise a due process objection, nor did he express concern about his inability to pay the fine or present evidence showing such inability. They further argue that even if that were not the case, imposition of the restitution fine did not violate Graham's constitutional rights.

9

We need not decide whether Graham forfeited his due process argument. (See, e.g., *People v. Smith* (2020) 46 Cal.App.5th 375, 395 ["It is well established that a defendant forfeits a challenge to the trial court's imposition of a restitution fine above the statutory minimum for failing to consider his or her ability to pay if the defendant did not object in the trial court"]; *People v. Keene* (2019) 43 Cal.App.5th 861, 863-864; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033; *People v. Baker* (2018) 20 Cal.App.5th 711, 720 [claims requiring a fact-specific inquiry are forfeited if not raised below].)

Because we are remanding the matter for the court to strike the section 667.5 one-year enhancement and reconsider its sentencing options, Graham will have an opportunity to raise his inability to pay the fines, fees and assessments imposed by the court. (See *People v. Cota* (2020) 45 Cal.App.5th 786, 795-801 (conc. and dis. opn. of Dato, J. [where the issue is properly raised, defendants are entitled to a hearing at which they can attempt to demonstrate their inability to pay proposed fines and fees and frame an appropriate constitutional argument].)

III. *Correction of Abstract of Judgment*

Graham points out his abstract of judgment contains errors: It incorrectly indicates he was sentenced to "life with the possibility of parole" on both counts 1 and 3, and shows a determinate sentence of 12, rather than five, years. The People concede the abstract of judgment must be corrected to conform to the trial court's sentencing order of 25 years to life plus five years. Because Graham's sentence is vacated and he will be resentenced, the trial court will have an opportunity to prepare a new abstract of judgment avoiding any such errors.

10

## DISPOSITION

The sentence is vacated and the matter remanded with directions that the trial court strike the one-year enhancement imposed under section 667.5, subdivision (b), and resentence Graham in light of the changed circumstances, affording him an opportunity to request a hearing on his ability to pay the assessments, fees and fines. Once the new judgment is entered the trial court shall amend the abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


O'ROURKE, J.

I CONCUR:


GUERRERO, J.


I CONCUR IN THE RESULT:


HALLER, Acting P. J.


11