Filed 3/25/25  P. v. Faison CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082817 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD298529) |
| MARCUS RAY FAISON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marion F. Gaston, Judge.  Affirmed.

Nancy Sánchez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Marcus Ray Faison of driving under the influence, possessing cocaine base, possessing paraphernalia, and driving the wrong way on the highway. For these offenses, Faison was sentenced to four years in state prison. He argues on appeal that the trial court erred in failing to stay punishment for one of his possession convictions according to Penal Code[1] section 654. He also contends the court failed to completely advise him of his rights before he admitted a prior strike allegation, and then abused its discretion in declining to dismiss the strike in the interest of justice. For reasons we explain, we reject these claims and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

One afternoon in March 2023, a police officer on patrol near downtown San Diego noticed Faison parked underneath a freeway overpass, fully reclined in the driver's seat. As the officer passed Faison in his patrol car, he sat up quickly, made eye contact with the officer, and widened his eyes. He then put his car into drive and sped away, tires squealing.

Finding this behavior unusual, the officer turned around and followed Faison, who was driving above the speed limit. Faison made two right turns, then a left turn around a blind curve. As he rounded the curve, he veered into oncoming traffic and collided head-on with another vehicle.

When Faison abruptly exited his vehicle, the officer ordered him to stop, handcuffed him, and began questioning him about his erratic driving. He observed that Faison seemed agitated. His body was rigid, his speech was rapid, and he yelled "ahh" a couple of times. The officer eventually searched Faison's person and vehicle, finding a "small white rock-like

---

[1] Further undesignated statutory references are to the Penal Code.

2

substance"—what the officer suspected was "crack cocaine"—in his back pocket and on the driver's side floorboard. The officer also found "a clear glass cylindrical pipe that had white residue that was burned at one end" in the driver's side door. Faison was taken to the hospital, where his blood was drawn and later determined to contain a high level of cocaine. Subsequent lab testing also confirmed that the "rock-like substance" was cocaine base.

The driver of the other vehicle survived the collision. He was taken to the hospital as well, where he learned his sternum was fractured.

The prosecution charged Faison with one felony—driving under the influence (DUI) of drugs causing bodily injury to another (Veh. Code, § 23153, subd. (f); count 1)—and three misdemeanors—possession of cocaine base (Health & Saf. Code, § 11350, subd. (a); count 2), possession of paraphernalia used for narcotics (*id*., § 11364; count 3), and driving the wrong way on a divided highway (Veh. Code, § 21651, subd. (b); count 4). As to the DUI charge, the information pleaded that Faison personally inflicted great bodily injury (§ 12022.7, subd. (a)). It was further alleged that he suffered a 1988 conviction for residential burglary that constituted a prior strike (§§ 667, subds. (b)–(i); 1170.12) and a prior serious felony (§ 667, subd. (a)(1)). The prosecution asserted several aggravating sentencing factors as well (Cal. Rules of Court,[2] rule 4.421(b)(2)–(5)).

A jury convicted Faison on all four counts, but found not true the great bodily injury allegation. In a bifurcated proceeding, Faison admitted the prior strike and three aggravating sentencing factors—that he previously served time in prison (rule 4.421(b)(3)), that he was on Post Release Community Supervision (PRCS) when he committed the current offenses (rule 4.421(b)(4)), and that his prior performance on PRCS was unsatisfactory

---

[2] Further rules references are to the California Rules of Court.

3

(rule 4.421(b)(5)).  The trial court dismissed the prior serious felony by operation of law.[3]  It also dismissed the remaining aggravating sentencing factor on the prosecutor's motion.

The court sentenced Faison to four years in state prison for the DUI (count 1).  This was the midterm of two years doubled due to the prior strike.  With respect to the misdemeanor counts, the court imposed concurrent terms of one year in county jail for possessing cocaine base (count 2), six months in jail for possessing paraphernalia (count 3), and six months for driving the wrong way on the highway (count 4).

## DISCUSSION

### A.    *Section 654*

Faison claims the trial court should have stayed his sentence for possessing cocaine base (count 2) or possessing paraphernalia (count 3) under section 654.  He argues these offenses were committed pursuant to a single objective (to smoke cocaine) and thus double punishment is unlawful.  As the record contains substantial evidence of multiple objectives, we see no error.

" 'In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct.' " (*People v. Sloan* (2007) 42 Cal.4th 110, 116.)  Section 654 prohibits multiple punishment for the same criminal act or omission.  (*Sloan*, at p. 116.)

"Whether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry, because the statutory reference to an

---

[3]    Since the jury found the great bodily injury allegation not true, the DUI is not a serious felony, which precludes application of the enhancement. (See § 667, subd. (a)(1) ["A person convicted of a serious felony who previously has been convicted of a serious felony . . . , shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement"].)

4

'act or omission' may include not only a discrete physical act but also a course of conduct encompassing several acts pursued with a single objective. We first consider if the different crimes were completed by a 'single physical act.' If so, the defendant may not be punished more than once for that act. Only if we conclude that the case involves more than a single act—i.e., a course of conduct—do we then consider whether that course of conduct reflects a single 'intent and objective' or multiple intents and objectives." (*People v. Corpening* (2016) 2 Cal.5th 307, 311, citations omitted.) When a trial court expressly or implicitly finds that the offenses involved more than one objective, that factual determination must be sustained on appeal if it is supported by substantial evidence. (*People v. Osband* (1996) 13 Cal.4th 622, 730.)

Multiple punishment for possession of drugs and possession of paraphernalia may be proper, depending on the facts of the case. For instance, in *People v. Pinon* (2016) 6 Cal.App.5th 956, the defendant pleaded guilty to possession of methamphetamine and possession of paraphernalia. (*Id*. at p. 961.) In support of the guilty plea, he admitted that he " 'willfully and unlawfully possessed: (1) a usable quantity of methamphetamine, a controlled substance and (2) a pipe used for smoking a controlled substance.' " (*Ibid*.) Although the record was very sparse, the appellate court held the defendant's statement constituted substantial evidence to support the trial court's finding of multiple objectives. (*Id*. at p. 968.) As the appellate court reasoned, the defendant "did not say he possessed the pipe for the sole purpose of smoking the methamphetamine; rather, he possessed the pipe for the more general purpose of smoking a controlled substance." (*Ibid*.)

At trial in this case, Faison admitted he had been using cocaine for the past eight years. Around the time of the crash, he had cut back to using twice a day. He testified that he smoked cocaine two or three hours before

5

the crash, and a blood test confirmed he had cocaine in his system (in an amount suggesting he had smoked closer in time to the crash). The pipe that the officer found in Faison's car had burnt white residue on one end, indicating it had been used before. This evidence supports the trial court's implied finding that Faison possessed the pipe for the purpose of smoking cocaine generally, not for the sole and specific purpose of smoking the pieces of cocaine base found in his pocket and on the driver's side floorboard. Thus, section 654 is not violated.

## B.    Yurko *Error*

Faison further contends the court failed to give him all the necessary advisements before accepting his admission to the prior strike. While the court's advisements were imperfect, any errors were harmless or waived.

Faison waived his right to a jury trial on the prior strike allegation before jury selection began. Defense counsel advised the trial court that she had talked to Faison about "his priors and the aggravating factors as listed in the Amended Information." In the event the jury returned guilty verdicts, Faison "indicate[d] he would be willing to admit to his prior conviction, both as a strike prior and serious felony prior," as well as three of the aggravating sentencing factors alleged. The court then addressed Faison:

> "Mr. Faison, . . . you have the right to have the same jury that is going to decide whether or not you're guilty on the other charges, you could have that same group of folks decide whether or not you're convicted of that prior. And of whether or not the aggravating factors are true. [¶] What your lawyer is telling me is you're waiving that right and agreeing not to have jury trial on those issues; is that right?"

Faison confirmed that was correct.

6

After the jury returned guilty verdicts, defense counsel stated that she had again conferred with Faison and he was "willing to admit to his strike prior" as well as certain aggravating factors. The trial court and Faison then engaged in the following colloquy, set forth in critical part:

> "[The court:] So there is an allegation that you've suffered what's referred to as a 'strike prior' in 1988. It was August 26 in case CR96259, a residential burglary. [¶] When there's an allegation that you have a strike prior, you don't have to admit it. You have the right to a trial. [¶] So do you understand that?
>
> "[Faison:] Yes.
>
> "[The court:] All right. And so do you admit or deny that you have that strike prior?
>
> "[Faison:] I admit.
>
> "[The court:] All right. It's also alleged that there's certain aggravating factors that existed in this case. . . . [¶] And just like with the strike prior, when an allegation like that is made, you don't have to admit it. You do have the right to a full trial on that issue with the right to a lawyer, the right to present evidence, the right to question the evidence against you, the right to remain silent. And so if you admit, then you won't have a trial."

Faison then admitted three aggravating sentencing factors, described above. The court found his admissions were knowing, intelligent, and voluntary. At sentencing, the court declined to dismiss the prior strike in the interest of justice and doubled his sentence pursuant to the Three Strikes law. Faison did not raise any issue as to the validity of his prior strike admission on the record at the sentencing hearing.

In *In re Yurko* (1974) 10 Cal.3d 857 (*Yurko*), the Supreme Court held that "before a court accepts an accused's admission that he has suffered prior felony convictions," the reasoning of *Boykin v. Alabama* (1969) 395 U.S. 238

7

and *In re Tahl* (1969) 1 Cal.3d 122 require that the accused be given "express and specific admonitions as to the constitutional rights waived by an admission" in the same manner as in the case of an accused's guilty plea. (*Yurko*, at p. 863.)  In particular, "the trial court must advise the defendant and obtain waivers of (1) the right to a trial to determine the fact of the prior conviction, (2) the right to remain silent, and (3) the right to confront adverse witnesses." (*People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*), citing *Yurko*, at p. 863.)  "Proper advisement and waivers of these rights in the record establish a defendant's voluntary and intelligent admission of the prior conviction." (*Mosby*, at p. 356.)  The lack of express advisement and waiver of all three rights, however, does not require automatic reversal. (*Id.* at p. 360.)  Rather, the error is harmless and the factual determination on a prior conviction allegation must be upheld if, upon examining the whole record, we conclude the "admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances." (*Id.* at p. 361.)

As "a judicially declared rule of criminal procedure," *Yurko* further requires the trial court to advise the accused of the direct penal consequences of admitting a prior conviction allegation—including "the precise increase in the term or terms which might be imposed"—before accepting the accused's admission. (*Yurko*, *supra*, 10 Cal.3d at p. 864.)  Because advisement as to the consequences of an admission is not constitutionally mandated, however, the error can be waived absent a timely objection before or at sentencing. (*People v. Walker* (1991) 54 Cal.3d 1013, 1023 (*Walker*).)  For the same reason, the court's failure to give such an advisement is reversible only if the accused can demonstrate it is reasonably probable they would not have entered the admission had they been told about the consequence at issue. (*Ibid*.)

8

Implicitly acknowledging that he properly waived his right to a jury trial on the prior strike allegation, Faison specifically argues the court failed to advise him of his rights to remain silent and confront adverse witnesses. To be sure, the court did not advise him of those rights *before* he admitted the strike prior. Immediately afterward, however, while taking his admission to the aggravating factors, it clarified: "*And just like with the strike prior*, when an allegation like that is made, you don't have to admit it. You do have the right to a full trial on that issue with the right to a lawyer, the right to present evidence*, the right to question the evidence against you, the right to remain silent.* And so if you admit, then you won't have a trial." (Italics added.) This prompted no objection from Faison or any expression of confusion.

Beyond this colloquy, several other circumstances convince us that Faison knowingly and voluntarily admitted the prior strike. At the end of the preliminary hearing, when Faison was being arraigned on the Information, his counsel confirmed that he was "advised of his constitutional rights and maximum penalties" and wished to deny all charges and allegations. Counsel represented that she discussed the prior strike allegation with Faison on at least two additional occasions before he admitted its truth.

Moreover, at the time he admitted the strike, he had already completed the jury trial, where his counsel cross-examined the witnesses against him. In waiving his right to a jury trial on the strike allegation, we can infer he understood he was waiving his concomitant right to confront witnesses. (See *Mosby*, *supra*, 33 Cal.4th at p. 364 [Since defendant "had *just* undergone a jury trial" where "he had, through counsel, confronted witnesses . . . , he would have understood that at a trial he had the right of confrontation"].)

The record also reflects that Faison is experienced with prior strike allegations. Indeed, the probation report shows that since his 1988 residential burglary conviction, the prosecution alleged he suffered one or two prior strikes in five separate cases (not including this one). He admitted the strike allegations in at least two of those previous cases. (See *Mosby*, *supra*, 33 Cal.4th at p. 365 [a defendant's prior experience with the criminal justice system is relevant to the question of whether they knowingly waived constitutional rights].) Under the totality of these circumstances, we can comfortably conclude that Faison admitted the prior strike in this case with knowledge of his rights to remain silent and cross-examine witnesses.

To the extent Faison argues the trial court also failed to advise him of the consequences of admitting the strike—namely, that he would be subject to double punishment—any error was waived because he failed to raise the issue before or during sentencing, where the strike was explicitly discussed by the court and counsel. (See *Walker*, *supra*, 54 Cal.3d at p. 1023.) In any event, given that counsel informed Faison of his maximum exposure at the preliminary hearing, coupled with his experience with prior strikes, he likely understood that admitting the strike could subject him to increased punishment. We therefore doubt he would have refused to admit the strike had the court expressly reminded him of the consequences.

## C. Romero *Motion*

Faison lastly argues the trial court erred in declining to strike his prior strike in the interest of justice according to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. We discern no abuse of the court's discretion.

Before sentencing, defense counsel filed a *Romero* motion inviting the trial court to exercise its discretion to dismiss Faison's prior strike. Counsel set forth several reasons why dismissing the strike would further the interest

of justice, including Faison's age (61 years); the remoteness of the prior strike conviction (1988); the generally nonviolent nature of his criminal record; his sincere remorse over hurting the other driver in this case; and the fact that most of his offenses, including the current offenses, stem from his struggle with addiction, which lessens his culpability.

At the sentencing hearing, Faison personally addressed the court and reiterated his apologies to the victim. He admitted he had struggled with drugs for several years and needed treatment. He had strong family support and wanted to continue working in the community.

In opposition, the prosecutor emphasized Faison's recidivism. She pointed out that he suffered well over a dozen convictions since 1980. He was sentenced to prison at least 10 separate times. When he was granted probation or released from prison on parole or PRCS, he often violated the terms of supervision. Indeed, when he committed the offenses in this case, he was on PRCS.

The trial court appreciated that the age of the strike weighed heavily in favor of dismissal. On the other hand, it recognized that Faison had been "sentenced to prison ten times since then" and essentially engaged in "an uninterrupted course of criminal behavior while out in the community." The court also highlighted the seriousness of the current offenses. On balance, it found striking the strike would *not* be in the interest of justice.

We review the denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) Abuse is found where the decision is "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) This occurs, for example, where the trial court was not aware of its discretion to strike a prior conviction or considered improper factors. (*Id.* at p. 378.) In determining whether to strike a prior

11

strike allegation "in furtherance of justice" (§ 1385, subd. (a)), a court must " 'consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We cannot say this is an "extraordinary case" where the evidence "manifestly support[s] the striking of a prior conviction and no reasonable minds could differ." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) In denying the *Romero* motion, the trial court considered appropriate factors, including Faison's criminal history and the nature of the current offenses. It did not see how Faison fell outside the spirit of the Three Strikes law given his failure to remain law abiding despite multiple prison terms and opportunities at community supervision. (Cf. *People v. Mantanez* (2002) 98 Cal.App.4th 354, 366 [ten felony convictions resulting in four separate prison terms and multiple parole violations over 17 year period brought defendant "squarely within the Three Strikes ambit"].) While his past offenses are generally nonviolent—mostly theft and drug related offenses—the current DUI offense was not relatively benign. He got behind the wheel while under the influence of a serious narcotic, crashed, and hurt someone. The outcome could have easily been much worse. On this record, we see no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

DO, J.

CASTILLO, J.